CHARLES B. GREENE
ATTORNEY AT LAW
84 W. SANTA CLARA STREET SUITE 800
SAN JOSE, CALIFORNIA 95113
(408) 279-3518
STATE ID # 56275
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re ) | Case No.: 18-50774 meh |
| ) | |
| ROSS ELITE REALTY GROUP, LLC. ) | Chapter 11 |
| ) | |
| Debtor. ) | MOTION FOR ORDER APPROVING THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS (1402 Arguello Ct., Redwood City, CA) (MANDORSER 1402 ARGUELLO STREET TRUST, DA CHEN, INC.) (11 U.S.C. Section 363(f)) |
| ) | Date: August 2, 2018 |
| ) | Time: 10:30 a.m. |
| ) | Judge M. Elaine Hammond |

MOVANT, ROSS ELITE REALTY GROUP, LLC, hereby respectfully represents to the Court and requests as follows:

1. Movant filed its voluntary petition under Chapter 11 on April 6, 2018.

2. Since the date of filing of the voluntary petition, the Movant has been, and now is, a Chapter 11 debtor-in-possession.

3. Among the assets of the debtor-in-possession estate is an improved parcel of real property commonly identified as 1402 Arguello Court, Redwood City, California, San Mateo County (referred to herein as "the Real Property").

4. At the time of the filing of the voluntary petition, the Real Property was encumbered by a first deed of trust owed to Center Street Lending Funds IV SPE, LLC, in the approximate amount of $720,000.00, a second deed of trust owed to Mandorser 1402 Arguello Street Trust in the

**MOTION TO SELL REAL PROPERTY**

alleged amount of $100,000.00, a third deed of trust owed to Da Chen, Inc. in the alleged amount of $25,000.00 and a fourth deed of trust owed to Igor Dralyuk in the approximate amount of $215,000.00. Additionally, there is a lien for Real Property taxes owed to the San Mateo County Tax Collector in the approximate amount of $6,500.00 as of June 1, 2018.

5. The Movant has entered into a contract for sale of the Real Property with Jacob's Real Estate Investments, Inc. (hereinafter "the Buyer"). A copy of the sale agreement is attached hereto and incorporated by reference herein as Exhibit "A".

6. The Buyer has offered to pay a gross sales price of $1,100,000.00. The Real Property is being sold in "as is" condition.

7. As is more fully set forth in the supporting declaration of the Movant's representative, Zachary Ross, the Movant disputes the second lien of Mandorser 1402 Arguello Street Trust because the second lienholder did not lend to the Movant the sum of $100,000.00 at the time the Movant purchased the Real Property, and is only owed approximately $28,000.00. The second lender has demanded of the Movant, however, the payment of $100,000.00. As is more fully set forth in the supporting declaration of Zachary Ross, there is no documentary evidence to support the contention of the second lienholder that it is owed $100,000.00. Additionally, the Movant disputes the third lienholder's claim of being owed $25,000.00. There is no documentary evidence to support the third lienholder's claim that it is owed $25,000.00. Rather, it is the position of the Movant that the alleged third lienholder is owed $0.00.

8. The gross proceeds of sale, $1,100,000.00, shall be paid to and disbursed by an escrow which has been established at Chicago Title Company located at 333 Gellart Boulevard, Suite 138, Daly City, California, escrow no. FWTO-3491700809.

9. It is proposed and requested that the Court authorize the payment from the proceeds of sale to pay the demand of Center Street Lending Funds IV SPE, LLC, to pay the demand of Igor Dralyuk, to pay the demand of the San Mateo County Tax Collector's Office for real estate taxes, to pay the normal and customary seller's closing costs associated with the sale of the property, and to pay such other costs and fees as the Court may direct. There is no realtor

representing the Movant and no real estate commission shall be paid to any realtor on behalf of the Movant.

10. There shall be no disbursement of any funds to the second lienholder, Mandorser 1402 Arguello Street Trust and no disbursement of any funds to the third lienholder, Da Chen, Inc., and the Real Property shall be sold free and clear of any claim or interest of the second lienholder and the third lienholder pursuant to 11 U.S.C. §363(f) as a bona fide dispute exists as to the extent, priority and validity of sale liens. The non-disbursed proceeds of sale shall be paid to the Debtor and be deposited into a debtor-in-possession account, and the disputed liens of the second lienholder and the third lienholder shall attach to those proceeds to the same extent, validity and priority as existed as of the date of filing of the Chapter 11 petition. There shall be no disbursement of any such funds until further order obtained from the Bankruptcy Court upon noticed motion and hearing.

11. Filed in support of this Motion is the Declaration of the Debtor's Chapter 11 designated agent, Zachary Ross.

12. The Movant requests that the Court enter an order approving the transfer of the Movant's right, title and interest in the Real Property pursuant to the terms of the contract of sale between the Movant and the Buyer, that such sale shall be free and clear of the liens of second lienholder, Mandorser 1402 Arguello Street Trust and the third lienholder, Da Chen, Inc., and further that the Court waive the 14 day stay on sales provided under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

DATED June 12, 2018.

/s/ Charles B. Greene
**CHARLES B. GREENE**
**Attorney for Debtor**